**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRENCE A. MCKNIGHT, | No.    19-16631 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-01036-VC |
| v. | |
| R. JOHNSON; TAMMY FOSS, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted December 9, 2020
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,[**] District
Judge.

Petitioner Terrence A. McKnight appeals the district court's order denying

his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254.  The federal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

district court issued a certificate of appealability on two issues. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.[1]

We review de novo a district court's denial of a § 2254 petition. *Balbuena v. Sullivan*, 980 F.3d 619, 628 (9th Cir. 2020). We review a § 2254 habeas petition under the "highly deferential standard for evaluating state court rulings." *Id.* (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). A federal court may only grant habeas relief if the state court's ruling was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Where, as here, the state supreme court decision summarily denies the petition for review, we "look through" the unexplained decision to the last reasoned state decision. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

1. The prosecutor's repeated references to police broadcasts that described McKnight a/k/a "Tee Baby," while highly improper, did not render McKnight's trial fundamentally unfair. A defendant's due process rights are violated only when a prosecutor's improper comments before the jury "so infected the trial with

---

[1]     We recount the facts only as necessary to resolve the issues on appeal.

unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

We have no trouble concluding the prosecutor committed misconduct by making repeated references to hearsay statements that identified Tee Baby as the shooter. Appellees do not contest this point. The trial court permitted the description of the shooter to be introduced for the limited purpose of its effect on the responding police officers' state of mind.[2] The court directed that the hearsay description was not to be used for the truth of the matter asserted, but the prosecutor used the hearsay description in his opening statement, elicited the description from testifying officers, and argued, in his closing argument, that "[t]his case was cracked within five minutes of [Officer] Gibbs arriving on that scene. Five minutes. Five minutes . . . . By 3:44 [Officer] Gibbs is given a description of the shooter that goes by the name of Tee Baby, a black male in all black." The prosecutor's comments were clearly calculated to encourage the jury

---

[2] The California Court of Appeal later held that the description was inadmissible because the officer's state of mind "had no relevance to the case: all the officers did as a result of the suspect description was look for the suspect in vain."

to draw an impermissible connection between the description of the suspect given to the police and McKnight's guilt.

Even though the prosecutor's comments were improper, the state court determined "the trial court's admonitions, as well as the prosecutor's own statement that he was relying solely on the identification of the three testifying eyewitnesses, rendered the error harmless."  This conclusion was not unreasonable.  In *Darden*, the Supreme Court held that prosecutorial misconduct did not render the trial fundamentally unfair because "[t]he trial court instructed the jurors several times that their decision was to be made on the basis of the evidence alone, and that the arguments of counsel were not evidence," and the "weight of the evidence against petitioner was heavy . . . [which] reduced the likelihood that the jury's decision was influenced by argument."  477 U.S. at 182.

Here, the trial court gave the jurors multiple curative instructions following the prosecutor's reference to the hearsay description of the suspect including (1) that "[n]othing counsel say is evidence," and that (2) the description was only offered "to show what the subsequent acts and what the police officers were looking, the intent of the police officers; not for the truth of the matter stated."  The improper references to the hearsay description were presumptively cured by the trial court's instructions.  *Donnelly*, 416 U.S. at 645; *Cheney v. Washington*, 614

F.3d 987, 997 (9th Cir. 2010) ("Jurors are presumed to follow the court's instructions." (internal citations omitted)). Moreover, the other evidence against McKnight was strong. Three eyewitnesses identified McKnight as the shooter, evidence showed that one of the victims was suspected of being involved in the killing of McKnight's associate, and evidence indicated McKnight fled the area following the shooting. Thus, the state court could have reasonably concluded that the prosecutor's remarks did not render McKnight's trial fundamentally unfair.

2. The trial court's murder instruction did not render McKnight's trial fundamentally unfair. To reject McKnight's challenge to the jury instructions, the California Court of Appeal relied on *People v. Kelly*, which applied the relevant federal standard. 1 Cal.4th 495, 525–26 (1992) (citing *Estelle v. McGuire*, 502 U.S. 62 (1991); *Boyde v. California*, 494 U.S. 370, 380 (1990)). We therefore must give due deference to the California Court of Appeal's conclusions under 28 U.S.C. § 2254(d).

A habeas petitioner must do more than prove that the jury instruction was "undesirable, erroneous, or even universally condemned" to show that he is entitled to relief. *Donnelly*, 416 U.S. at 643. Instead, he must show that the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

5

Here, the trial court instructed the jury "[i]f you decide the defendant committed murder, you must then decide whether it is murder of the first degree or second degree." The court instructed the jury on the unique elements of first degree murder and explained "second degree murder based on express or implied malice are explained in instruction number 520, which is the one right before this." The court also instructed "[t]he People have the burden of proving beyond a reasonable doubt that the killing was the first degree murder rather than a lesser crime. If the People have not met this burden, you must find the defendant not guilty of first degree murder." From this, it is reasonable to expect the jury understood first and second degree murder had distinct elements and what those elements were. The state court could have reasonably concluded that the jury instructions in this case did not violate due process.

3. McKnight argues that the admission of the hearsay description of the suspect at trial violated the Confrontation Clause. U.S. Const. amend. VI. The district court rejected this argument as raised in McKnight's § 2254 petition, and declined to issue a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Amendment's Confrontation Clause provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." "Testimonial statements of witnesses absent from trial" are admissible "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the witness]." *Crawford v. Washington*, 541 U.S. 36, 59 (2004). If a statement is procured with the "primary purpose of creating an out-of-court substitute for trial testimony," the statement is testimonial hearsay and *Crawford* applies. *Michigan v. Bryant*, 562 U.S. 344, 358 (2011). If, however, "the primary purpose of an interrogation is to respond to an 'ongoing emergency,' its purpose is not to create a record for trial and thus is not within the scope of the Clause." *Id.* (citing *Davis v. Washington*, 547 U.S. 813, 823–24 (2006).

Here, the district court concluded that the circumstances under which the suspect's description was relayed to police was likely "chaotic" because there had been a shooting with one fatality. Police responded within minutes but the shooter, who could have remained armed, was at large in a residential community. Under these circumstances, the primary purpose of bystanders' description of the shooter was likely to enable police to resolve an "ongoing emergency" by apprehending an armed assailant. Such statements are not testimonial and their admission at trial

7

does not violate the Confrontation Clause. Accordingly, McKnight has failed to "[make] a substantial showing of the denial of a constitutional right" and we deny his request for a certificate of appealability as to this issue. 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**